IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**BILLY MACK NICHOLS, JR.**                                                                                      **PLAINTIFF**
**ADC #092713**

**VS.**                          **CASE NO. 5:17CV00034 KGB/PSH**

**SONYA ANISSA PEPPERS-DAVIS,** *et al.*                                              **DEFENDANTS**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Billy Mack Nichols, Jr., an inmate at the East Arkansas Regional Maximum Security Unit of the Arkansas Department of Correction ("ADC"), initiated this lawsuit by filing a *pro se* complaint and an application to proceed *in forma pauperis* ("IFP") on February 8, 2017. Nichols alleges that defendants have been and are deliberately indifferent to his serious medical needs. Doc. Nos. 2-9, 24, 31-37. On April 4, 2017, the Court granted Nichols's IFP application and ordered service of Nichols's complaint and amended complaint on the defendants. *See* Doc. No. 10. On May 10, 2017, defendants Correct Care Solutions, LLC, Patrick Drummond, Estella Bland, Jasmine Saih, Alva Green-McDowell, and Erica Johnson filed a motion to revoke Nichols's

IFP status, asserting that he is a three-striker within the meaning of the Prison Litigation Reform Act ("PLRA") and is therefore not able to proceed IFP in federal court unless he was in imminent danger of serious physical injury when he filed his complaint. *See* Doc. No. 27-28. Nichols filed a response (Doc. No. 31) and a brief that includes argument in response to the motion to vacate (Doc. No. 33).

Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury.**

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Nichols has at least six strikes. Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Nichols has strikes in the following cases: *Nichols v. Harrelson, et al.,* 4:99-cv-00388-SWW*; Nichols v. Harrelson, et al.*, 4:00-cv-00106-JMM; *Nichols v. Sallings, et al.,* 4:99-cv-00785-HW; *Nichols v. Simpson, et al.*, 4:99-cv-00743-GTE; *Nichols v. Harmon, et al.,* No. 5:02-cv-00179-SWW; and *Nichols v. Evans et al.*, No. 5:03-cv-00124-BRW. Nichols does not dispute he has more than three strikes but argues that he is under imminent danger

of serious physical injury due to ongoing pain in his feet and the alleged failure of the defendants to properly treat diabetes insipidus and tuberculosis.[1]

As a three-striker, Nichols must show that he was in imminent danger of serious physical injury at the time he filed the complaint (*i.e.*, February 2017).  28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (holding that the imminent danger exception did not apply when a prisoner was forced to work outside in extreme weather conditions that did not result in any serious physical injuries).  *See also Ashley*, 147 F.3d at 717 (holding that the imminent danger exception applied when prison officials continued to place a prisoner near his enemies who had previously stabbed him); *McAlphin v. Toney,* 281 F.3d 709, 710-11 (8th Cir. 2002) (holding that the imminent danger exception applied where inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions).

Nichols's claims relate to the medical treatment of his feet, diabetes insipidus, tuberculosis, and anemia dating back to 2014.  He has filed several lawsuits making the same allegations and

---

[1] Nichols has been denied IFP status on numerous occasions with findings that he did not meet the imminent danger exception.  *See, e.g., Nichols v. Yang, et al.,* No. 2:16-cv-00110-DPM at Doc. No. 3*; Nichols v. Drummond*, 2:16-cv-00091-DPM at Doc. No. 15; *Nichols v. Jones, et al.,* No. 5:16-cv-00028-DPM at Doc. Nos. 14, 19; *Nichols v. Sanders, et al.*, No. 5:15-cv-00260-JLH at Doc. Nos. 15, 19; *Nichols v. Blair, et al.,* No. 5:15-cv-00249-KGB at Doc. Nos. 6, 18; *Nichols v. Norris, et al.,* No. 5:03-cv-00184-SWW at Doc. No. 4; *Nichols v. Arnold, et al.*, No. 5:03-cv-00070-GH at Doc. No. 3; *Nichols v. Smiley, et al.*, 5:02-cv-00135-SMR at Doc. Nos. 3, 5; *Nichols v. Rolfe, et al.,* No. 4:02-cv-00135-GTE at Doc. No. 5; *Nichols v. Rolfe, et al.,* No. 4:02-cv-00021-SWW at Doc. No. 3; *Nichols v. Norris, et al.*, No. 5:00-cv-00290-SMR at Doc. No. 4; and *Nichols v. Sallings, et al.*, No. 4:00-cv-00303-GTE at Doc. No. 4.  *See also Nichols v. Peppers-Davis*, No. 5:14-cv-00448-BSM at Doc. No. 21 (IFP status revoked).  Nichols was allowed to proceed under the imminent danger exception in two cases:  *Nichols v. Peppers-Davis, et al.*, No. 5:14-cv-00157-KGB, and *Nichols v. Starks-Tyler, et al.*, 5:15-cv-00003-BRW.

acknowledges that this lawsuit is a refiling of *Nichols v. Peppers-Davis, et al.*, No. 5:14-cv-00157-KGB, and *Nichols v. Peppers-Davis*, No. 5:14-cv-00448-BSM, lawsuits that were dismissed without prejudice. Doc. No. 2 at 2. In the latter case, the Court revoked Nichols's IFP status and dismissed the case after the Court determined Nichols was not in imminent danger despite his allegation that his feet may have to be "amputated and/or permanently destroyed." *Nichols v. Peppers-Davis*, No. 5:14-cv-00448-BSM, Doc. No. 129 at 10-11. Nichols makes the same allegation in this case and states that the incident he complains of began at the ADC's Tucker Unit before he was transferred to the East Arkansas Regional Unit in December 2015. Doc. No. 2 at 2. It is clear that Nichols disagrees with the medical treatment he has received in the past and is receiving now. However, the only issue before Court is whether Nichols makes sufficient allegations that he was in imminent danger of serious physical injury at the time he filed his complaint in February 2017. If so, he may proceed with those claims directly relating to his alleged imminent danger without paying the full filing fee. His claims regarding his prior medical treatment must be severed from his imminent danger claims, and if he intends to pursue those claims, he would necessarily have to pay the full filing fee.

Nichols alleges he is in imminent danger because he was given the wrong size shoes and cannot walk more than 7-10 steps without severe pain. Doc. No. 9 at 2. He further states:

> This unit's infirmary of the East Arkansas Regional Maximum Security Unit of the Arkansas Department of Correction is doing physical assault upon me by making me wear shoes that are too small for my feet or either go around barefeet or in shower shoes only. I have told this infirmary numerous times through sick call complaints and through grievance writing . . . that these shoes gave me are not the right size, they are not size 13EEE or 13½EEE size and that the shoes are additionally tearing apart and this infirmary refuses to remedy the matter by issuing me a pair of proper fitting medical shoes for my feet . . .

*Id.* at 5. Nichols also claims he cannot exercise or have fellowship with other inmates due to his inability to walk in comfortable shoes. Doc. No. 2 at 11. Finally, Nichols argues he is receiving the wrong medication for excessive urination in a motion for preliminary injunction and amended complaint but does not describe how this medication may result in a serious physical injury. *See* Doc. No. 24. The Court notes the mere disagreement with one's medical treatment is generally insufficient to state a constitutional claim.[2]

Defendants argue that Nichols is not in imminent danger of serious physical injury and has received appropriate medical care for his conditions. Doc. No. 27 at 2. Nichols' recent medical records attached to defendants' motion to vacate support defendants' argument. For instance, on February 2, 2017, he complained about his feet and having appropriately fitting shoes, and the nurse's notes indicated that he had normal gait, could walk without assistance, and no physical deformities were noted. Doc. No. 27-1 at 46. She also noted that the shoes did not come in a larger size than 13. *Id.* Nichols's medical records also show that he was seen multiple times regarding excessive urination, referred to a provider for diagnosis, and given tests and medications for the issue. *See, e.g., id.* at 42.

---

[2] *See, e.g., Reid v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015) (holding that an inmate's disagreement with "diagnosis and treatment decisions is not actionable under § 1983); *Rowe v. Norris*, 198 Fed. Appx. 579, 580-81 (8th Cir. 2006) (no constitutional violation occurred where plaintiff disagreed with the treatment he received); *Bender v. Regier*, 385 F.3d 1133, 1337 (8th Cir. 2004) (holding that negligence in diagnosis or treatment of medical condition is not sufficient to establish a constitutional violation); *Prater v. Dep't of Corr.*, 11 Fed. Appx. 668, 669 (8th Cir. 2001) (holding that plaintiff failed to establish deliberate indifference where plaintiff did not allege he was "denied, delayed or refused" treatment, only that specific treatment was not provided); *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (mere disagreement with the course of medical treatment is insufficient to state Eighth Amendment claim).

Defendants further argue that because Nichols is in administrative segregation and has no job assignment, he has no reason to go outside his cell other than to shower, and therefore has no medical need for orthopedic tennis shoes. *Id.* at 3. Defendants also assert that Nichols uses a wheelchair to ambulate. *Id.* Nichols replies he did not receive a wheelchair until March 3, 2017, after he filed this lawsuit. Doc. No. 33 at 2.

The Court finds that even without a wheelchair, Nichols' allegations that he is in pain and cannot walk very far does not demonstrate that he was in imminent danger of serious physical injury when he commenced this action on February 7, 2017. He has provided no evidence his feet will need to be amputated, are infected, or are otherwise in danger of serious injury. In fact, the condition of his feet does not appear to have changed since it was determined that he had not adequately alleged imminent danger in December 2014. *See Nichols v. Peppers-Davis*, No. 5:14-cv-00448-BSM, Doc. No. 129. Further, Nichols' disagreement with the medications he has been given for excessive urination does not show that he is in imminent danger of serious physical injury. He has alleged no facts to show that he may suffer injury if he is not given the medications he desires. In sum, Nichols has not alleged sufficient facts to show that he is in imminent danger of serious physical injury; accordingly, his *in forma pauperis* status should be revoked and his complaint dismissed.

IT IS THEREFORE RECOMMENDED:

1.      Defendants' Motion to Revoke Plaintiff's *In Forma Pauperis* Status (Doc. No. 27) be GRANTED, and this case be DISMISSED WITHOUT PREJUDICE.

2.      Nichols's motion for preliminary injunction and motion to amend/correct complaint (Doc. No. 24) be DENIED AS MOOT.

3.  Nichols be given thirty days to reopen the case by paying the $400 filing fee in full[3] and filing a Motion to Reopen.

Dated this 5th day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court finds no basis for granting defendants' additional request that Nichols pay the United States Marshal's Service for the costs they incurred executing service in this case.