# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**BILLY MACK NICHOLS, Jr.**                                                       **PLAINTIFF**
**ADC #92713**

v.                       Case No. 5:17-cv-00034-KGB/PSH

**SONYA PEPPERS-DAVIS,** *et al.*                                          **DEFENDANTS**

## ORDER

On June 5, 2017, United States Magistrate Judge Patricia S. Harris concluded that plaintiff Billy Mack Nichols, Jr. was a "three-striker" within the meaning of 28 U.S.C. § 1915(g) (Dkt. No. 42). In her Findings and Recommendations, Judge Harris instructed Mr. Nichols to submit the full filing fee and motion to reopen within 30 days from the entry of the Findings and Recommendations (*Id.*, at 7). Mr. Nichols has filed objections which the Court considered as timely (Dkt. Nos. 46, 48). After careful review of the Findings and Recommendations, as well as a *de novo* review of the record, the Court concludes that the Findings and Recommendations should be, and hereby are, approved and adopted as this Court's findings in all respect.

Defendants Estella Bland, Correct Care Solution, Patrick Drummond, Ava Green-McDowell, Erica Johnson, and Jasmine Saih's motion to revoke plaintiff's *in forma pauperis* status is granted (Dkt. No. 27), and Mr. Nichols' amended complaint is dismissed without prejudice (Dkt. No. 8). Under the three-strikes provision of the Prisoner Litigation Reform Act ("PLRA"), the Court must dismiss a prisoner's *in forma pauperis* action as any time if it determines that a prisoner has "on 3 or more prior occasions," while detained, "brought an action or appeal in a court of the United States" that was dismissed, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mr. Nichols has garnered at least six strikes. *See Nichols v. Harrelson, et al.*, No. 4:99-cv-00388-SWW; *Nichols v. Harrelson, et al.*, No. 4:00-cv-00106-

JMM; *Nichols v. Sallings, et al.*, No. 4:99-cv-00785-HW; *Nichols v. Simpson, et al.*, No. 4:99-cv-00743-GTE; *Nichols v. Harmon, et al.*, No. 5:02-cv-00179-SWW; *Nichols v. Evans et al.*, No. 5:03-cv-00124-BRW.

The record does not indicate that Mr. Nichols was in imminent danger of serious physical injury at the time he filed the operative amended complaint. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Mr. Nichols asserts that he cannot walk "more than 7 to 10 steps" without suffering discoloration of his feet (Dkt. No. 8, at 1). He claims that "long distance walking" causes him "serious physical injury." (*Id.*). He claims that, because he was given the wrong size shoes, he cannot walk without severe pain (Dkt. No. 9, at 2). He also claims that he is receiving the wrong medication for excessive urination (Dkt. No. 24). On April 16, 2015, Nurse Practitioner Estella Bland examined Mr. Nichols. She did not recommend the use of a wheelchair, but rather encouraged him to use "Ibuprofen and Tylenol" for his pain (Dkt. No. 8, at 5). On May 28, 2015, Mr. Nichols was examined by Nurse Johnson, who observed Mr. Nichols standing, unassisted, in the shower area (*Id.*). The record indicates that the larger shoes requested by Mr. Nichols are not available (Dkt. No. 27-1, at 46). Mr. Nichols was also seen multiple times regarding his excessive urination complaints, and he received medication for that condition (*Id.*, at 42). The Court concurs with Judge Harris' conclusion that Mr. Nichols has provided no evidence that his feet, or any other part of his body, was in danger of serious injury at the time he filed his amended complaint. Thus, Mr. Nichols' amended complaint is dismissed without prejudice, his *in forma pauperis* status is revoked, and he is given 30 days to pay the $400.00 filing fee in full and file a motion to reopen the case.

It is therefore ordered that:

1. Defendants' motion to revoke Mr. Nichols' *in forma pauperis* status is granted (Dkt. No. 27).

2. Mr. Nichols has 30 days from the entry of this Order to pay the $400.00 filing fee in full and file a motion to reopen the case, if he wishes to proceed with this case.

3. Mr. Nichols' amended complaint is dismissed without prejudice (Dkt. No. 8).

4. Mr. Nichols' remaining motions are denied as moot (Dkt. Nos. 24, 39, 44, 49, 56, 59, 60, 61, 65, 66).

It is so ordered this the 31st day of March, 2018.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE